IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                       CASE NO. 5:08-CR-50060

JOE L. FRANKLIN                                                       DEFENDANT

and

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                       CASE NO. 5:07-CR-50037-001
                         CASE NO. 5:07-CR-50037-002

MACI DENON DAVIS and
RONALD ANTONIO MOOREHEAD                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Currently before the Court in the case of *United States v. Franklin*, 5:08-cr-50060, are:

- Defendant Joe L. Franklin's Motion to Reduce Sentence (Doc. 85) and the Government's Response (Doc. 90).

Also before the Court in the case of *United States v. Davis & Moorehead*, Case No. 5:07-cr-50037, are:

- Defendant Maci Denon Davis's Motion to Reduce Sentence (Doc. 123) and the Government's Response (Doc. 126); and

- Defendant Ronald Antonio Moorehead's Motion to Reduce Sentence (Doc. 114) and the Government's Response (Doc. 119).

1

This Memorandum Opinion and Order addresses and rules upon issues that are common to all three of these Motions. Other matters that are unique to each Motion will be ruled upon in separate Orders—each of which will be filed on the docket for the case in which its movant is a party—in accordance with this Memorandum Opinion and Order.

## I. BACKGROUND

In 2010, the Fair Sentencing Act was passed by Congress and signed by the President. Sections 2 and 3 of the Fair Sentencing Act effectively reduced certain statutory penalties for crack-cocaine offenses, thus lowering the federal sentencing disparity between crack- and powder-cocaine crimes. See Fair Sentencing Act of 2010, Pub. L. No. 111-220, §§ 2–3, 124 Stat. 2372, 2372 (2010). Eight years later, the First Step Act of 2018 was passed and signed, enacting a wide range of various criminal-justice reforms. Among those many reforms was a provision designed to make Sections 2 and 3 of the Fair Sentencing Act retroactively applicable to defendants who had been sentenced before the Fair Sentencing Act became law. That provision is located in Section 404 of the First Step Act, which reads as follows:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prison, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by

> sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).

Defendants Franklin, Davis, and Moorehead were all sentenced in this Court for crack offenses before the Fair Sentencing Act was enacted. Now they are asking this Court to reduce their sentences under Section 404 of the First Step Act. The Government does not deny that these Defendants are eligible for sentencing relief, and it does not oppose an award of *some* of the relief they are requesting. But it disagrees with these Defendants on the amounts by which their sentences should be reduced, and on what type of proceedings this Court should follow when awarding them relief.

All three of these Defendants, when originally sentenced, were found by this Court to have criminal histories that made them "career offenders" as the United States Sentencing Guidelines then defined that term; accordingly they all received enhancements under U.S.S.G. § 4B1.1(b) which yielded more severe advisory sentencing ranges than would have applied absent their career-offender designations. This is significant because all three Defendants contend that subsequent developments in Supreme Court and Eighth Circuit caselaw imply that they would not qualify as career offenders if that analysis were performed anew today. Thus, all three Defendants want the opportunity to challenge their career-offender designations. Specifically, each of these Defendants is seeking a complete resentencing, at a hearing where the Defendant would be physically present. At those resentencing hearings, each Defendant wants this Court to perform a complete recalculation of his advisory sentencing range under the

3

most recent version of the Sentencing Guidelines, in accordance with the current state of caselaw, and to consider anew all of the relevant sentencing factors under 18 U.S.C. § 3553(a).

The Government, on the other hand, does not believe that the relevant statutes authorize a complete resentencing or the opportunity for these Defendants to challenge their career-offender designations. The Government agrees that this Court should recalculate each Defendant's advisory sentencing range under the United States Sentencing Guidelines, but contends that when doing so this Court should alter only those variables which depend on the statutory penalties that were amended by the Fair Sentencing Act and made retroactive by the First Step Act. This approach would be a straightforward and mechanical process, because the only such variable in these cases is the *size* of the career-offender enhancement—not whether the career-offender enhancement applies in the first place. Essentially, when a defendant is designated a career offender under the Sentencing Guidelines, the severity of his career-offender enhancement depends on the severity of the maximum statutory penalty authorized for his offense of conviction: the higher the statutory maximum, the larger the career-offender enhancement. *See* U.S.S.G. § 4B1.1(b). There is no dispute between the Government and any of these Defendants as to what the new advisory sentencing ranges would be under this limited process; and if this limited process were employed, then the Government would not oppose each Defendant's sentence being reduced to the bottom of his newly-calculated advisory sentencing range.

In other words, in each of these cases the only dispute between the Defendant and the Government is whether applicable law authorizes a complete in-person

resentencing that includes an opportunity for the Defendant to challenge his career-offender status, or whether the Defendant may only receive a purely mechanical reduction in his sentence which leaves his career-offender status in place but which reduces the impact that his career-offender status has on his advisory Guidelines range. This Court believes the latter position is the better reading of the relevant rules and statutes, in light of their underlying policies and purposes. The following Section explains why.

## II. DISCUSSION

Whether a defendant's presence is required at a sentencing proceeding depends upon the scope of the proceeding in question. Ordinarily, the Federal Rules of Criminal Procedure require that "the defendant must be present at . . . sentencing." Fed. R. Crim. P. 43(a)(3). However, "[a] defendant need not be present" when "[t]he proceeding involves the correction or reduction of sentence under Rule 35 or 18 U.S.C. § 3582(c)." See Fed. R. Crim. P. 43(b)(4). Rule 35 does not apply here, as it is concerned only with correcting sentences "that resulted from arithmetical, technical, or other clear error," see Fed. R. Crim. P. 35(a), or with reducing sentences for defendants who "provided substantial assistance in investigating or prosecuting another person," see Fed. R. Crim. P. 35(b)(1).

18 U.S.C. § 3582(c) states:

The court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

>(A) the court . . . may *reduce* the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, . . . and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a *reduction* is consistent with *applicable policy statements issued by the Sentencing Commission*; and
>
> (B) the court may *modify* an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . the court may *reduce* the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a *reduction* is consistent with *applicable policy statements issued by the Sentencing Commission*.

(emphasis added). In other words, this statute provides that there are only four circumstances under which a court may modify a term of imprisonment after it has been imposed: (1) if warranted by extraordinary and compelling reasons, *see id.* at § 3582(c)(1)(A)(i); (2) if a defendant is not dangerous, is at least 70 years old, and has served at least 30 years in prison, *see id.* at § 3582(c)(1)(A)(ii); (3) if the Guidelines range on which a defendant's sentence was based has subsequently been lowered by the Sentencing Commission, *see id.* at § 3582(c)(2); or (4) "to the extent otherwise expressly permitted by statute or by Rule 35," *see id.* at § 3582(c)(1)(B).

None of these Defendants is contending that there are "extraordinary and compelling reasons" present here that would warrant a reduction in his sentence. None of these Defendants is at least 70 years old. None of these Defendants was sentenced

based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).[1] And as previously mentioned, Rule 35 does not apply here. So in the instant matter the only applicable exception to 18 U.S.C. § 3582(c)'s general rule against modifying terms of imprisonment is that found in § 3582(c)(1)(B), authorizing such modifications "to the extent otherwise expressly permitted by statute." And indeed, these Defendants are moving under an expressly permitted statutory basis: Section 404 of the First Step Act.

One might hastily assume, then, that under Rule 43 a defendant's presence is not required for modification of his sentence under the First Step Act. After all, as previously noted, "[a] defendant need not be present" when "[t]he proceeding involves the correction or reduction of sentence under . . . 18 U.S.C. § 3582(c)." See Fed. R. Crim. P. 43(b)(4). 18 U.S.C. § 3582(c)(1)(B) permits subsequent modification of a prison term when "expressly permitted by statute." And Section 404 of the First Step Act is a statute that expressly permits subsequent modification of a prison term.

However, this Court believes the situation actually is not quite so simple. To see why, it is helpful to look at how Rule 43 and 18 U.S.C. § 3582(c) work in the context of two other situations where sentence modifications are "otherwise expressly permitted by statute": following successful direct appeals from a sentence under 18 U.S.C. § 3742(f),

---

[1] The Sentencing Commission has promulgated some amendments to the Guidelines that retroactively reduced base offense levels for drug-trafficking offenses. See Amendments 782, 788. However, these Defendants' career-offender statuses prevented those retroactive amendments from having any effect on their ultimate Guidelines sentencing ranges. See, e.g., United States v. Franklin, Case No. 5:08-cr-50060, Doc. 69 (denying Mr. Franklin's motion for reduction of sentence because he "is a career offender," making the issue "moot" because "[a]fter application of the reduction, the offense level is the same as the range the defendant was previously subject to").

(g), or following successful collateral attacks on a sentence under 28 U.S.C. § 2255.[2] The former statute provides that if, on appeal from a criminal sentence, "the court of appeals determines that . . . the sentence was imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, the court shall remand the case for further sentencing proceedings with such instructions as the court considers appropriate." 18 U.S.C. § 3742(f). As for the latter statute, it provides that if, on motion by a federal prisoner who is challenging the legality of his sentence,

> the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.

28 U.S.C. § 2255.

Both of these statutes apparently contemplate a wide variety of potential remedies—including the possibility of a complete resentencing, but also including a variety of other lesser potential remedies, as deemed appropriate by the relevant court. When courts are asked to determine whether a defendant or prisoner must be present for a sentence modification under either of these statutes, the answer—or at least the outcome—seems to be driven by two considerations. One is whether the modification of

---

[2] Prior to enactment of the First Step Act, a variety of Circuits held, or at least implied, that these two instances—appellate remand or collateral attack—were the *only* instances where subsequent modification of a sentence was "otherwise expressly permitted by statute" within the meaning of 18 U.S.C. § 3582(c)(1)(B). *See, e.g., United States v. Triestman*, 178 F.3d 624, 629 (2d. Cir. 1999); *United States v. Goines*, 357 F.3d 469, 476 (4th Cir. 2004); *United States v. Garcia-Quintanilla*, 574 F.3d 295, 303 (5th Cir. 2009); *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001); *United States v. Penson*, 526 F.3d 331, 335 (6th Cir. 2008); *United States v. Bailey*, 777 F.3d 904, 906–07 (7th Cir. 2015).

8

the sentence might result in a more onerous sentence than was originally imposed. The other is whether the resentencing court will be required to exercise a significant amount of discretion while considering some matter that was not considered at the original sentencing proceeding. If either of these circumstances exists, then the defendant's presence is required at his resentencing; but if neither of these circumstances exists, then modification of the defendant's sentence may be done in his absence. *See, e.g., United States v. Brown*, 879 F.3d 1231, 1239–40 (11th Cir. 2018); *cf. United States v. Arrous*, 220 F.3d 355, 361–62 (2d. Cir. 2003) (holding that the defendant should have been present for his resentencing following remand from a successful appeal, but that his exclusion from the proceeding was harmless error because his new sentence was less onerous than his previous one, and his presence would not have affected the outcome of his resentencing).

The first consideration—whether the modified sentence might be more onerous than the original—fits well with Rule 43's language that "[a] defendant need not be present" for "*reduction* of sentence under . . . 18 U.S.C. § 3582(c)." Fed. R. Crim. P. 43(b)(4) (emphasis added). And it is a very simple matter to observe that in the instant cases, these Defendants cannot receive more onerous sentences than their original ones. Section 404(b) of the First Step Act, by its own terms, only authorizes courts to "impose a reduced sentence."

However, the second consideration—whether the resentencing court will be required to exercise a significant amount of discretion while considering some matter that was not considered at the original sentencing proceeding—is not so straightforward here. It seems less grounded in the language of Rule 43 than in the constitutional right that this

9

Rule seeks to protect: the guarantee, in the Fifth Amendment's Due Process Clause, of a defendant's "right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." *See Kentucky v. Stincer*, 482 U.S. 730, 745 (1987);[3] *see also United States v. Jackson*, 923 F.2d 1494, 1496 (11th Cir. 1991) (describing Rule 43(a) as "constitutionally based").

For guidance in how this second consideration applies to the First Step Act, it is useful to look at the United States Supreme Court's decision in *Dillon v. United States*, 560 U.S. 817 (2010). Of course that case was not concerned with the First Step Act, which did not yet exist. But the majority opinion in *Dillon* did make some very salient observations about 18 U.S.C. § 3582(c)(2)—the previously-mentioned statute authorizing reduction of an imprisonment term if the Guidelines range on which a defendant's sentence was based has subsequently been lowered by the Sentencing Commission. With respect to *that* statute, the Supreme Court reasoned:

> By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding. Instead, it provides for the "modif[ication of] a term of imprisonment" by giving courts the power to "reduce" an otherwise final sentence in circumstances specified by the Commission. Compare 28 U.S.C. § 994(a)(2)(C) (referring to § 3582(c)(2) as a "sentence modification provisio[n]") with 18 U.S.C. § 3742(f) (authorizing courts of appeals to remand "for further sentencing" upon a finding of error) and § 3742(g) (establishing the terms of "sentencing upon remand" and describing the proceeding as a "resentenc[ing]" (capitalization omitted)). It is also notable that the provision applies only to a limited class of prisoners—namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission. Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.

---

[3] Technically, *Kentucky v. Stincer* is concerned with the Due Process Clause of the Fourteenth Amendment. *See* 482 U.S. at 745. But that clause simply extends the same guarantee with respect to states as the Fifth Amendment's Due Process Clause already provides against the federal government. *Compare id. with, e.g., United States v. Gagnon*, 470 U.S. 522, 526–27 (1985).

560 U.S. at 825–26 (alterations in original).

This passage from *Dillon* is instructive because there are strong textual and functional similarities between 18 U.S.C. § 3582(c)(2) and Section 404 of the First Step Act. As already noted, like § 3582(c)(2), Section 404 only authorizes *reduction* of an otherwise final sentence. And similarly to § 3582(c)(2), Section 404 applies only to a limited class of prisoners—namely, those who were sentenced for federal crimes with statutory penalties that were subsequently modified by section 2 or 3 of the Fair Sentencing Act. This policy decision of Congress to provide an avenue for retroactive sentencing relief to a particular class of prisoners is quite different from the purpose embodied by 18 U.S.C. § 3742(f), (g), and 28 U.S.C. § 2255, which is to remedy situations where an individual defendant's sentence may have been based upon, or the result of, some legal, jurisdictional, or constitutional error or defect. For these reasons, then, this Court concludes that Section 404 of the First Step Act does not contemplate a plenary resentencing at which a defendant's presence is required.

Nonetheless, it is clear that Section 404 vests quite a bit of discretion in the judge, including with respect to whether even to award any relief at all. As subsection (c) states: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Given this broad grant of discretion, the question arises how it should be exercised. This Court believes that the need to avoid arbitrary and unwarranted sentencing disparities, *see* 18 U.S.C. § 3553(a)(6), counsels in favor of conducting these proceedings in a manner analogous to what would occur if the United States Sentencing Commission, rather than Congress, had authorized the sort of retroactive sentencing relief contemplated by Section 404 of the First Step Act. That is to say, first this Court will

11

recalculate each Defendant's advisory sentencing range under the United States Sentencing Guidelines, but only altering those variables which depend on the statutory penalties that were amended by the Fair Sentencing Act and made retroactive by the First Step Act. See U.S.S.G. § 1B1.10(b)(1). Then, the Court will decide whether to award each Defendant a reduction from his previously-imposed term of imprisonment, but in no event will the Court reduce a Defendant's term to an amount that is less than the minimum of the recalculated sentencing range. See id. at § 1B1.10(b)(2)(A).

The Court is adopting this process in order to avoid at least two potential arbitrary sentencing disparities. One such disparity would be between career offenders who were sentenced for crack offenses, and all other career offenders. Under the Sentencing Guidelines, it makes no difference to one's career-offender status whether his instant offense of conviction is related to crack cocaine as opposed to any other drug. It strikes this Court as unlikely that Congress intended for Section 404 of the First Step Act to provide certain career offenders with underlying crack-cocaine convictions a unique opportunity for collaterally attacking their career-offender designations while leaving career offenders with underlying convictions for other drugs out in the cold.

Another such disparity would be *within* the set of career offenders who were sentenced for crack offenses—between those who were sentenced for offenses committed before August 3, 2010, and those who were sentenced for offenses committed after that date. Doubtless there are individuals in the latter group who would like the opportunity to challenge their career-offender designations with the benefit of subsequent developments in caselaw. However, Section 404(c) instructs that "[n]o court shall entertain a motion made under this section to reduce a sentence if the sentence was

previously imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 . . . ." It is difficult to see why Congress would have imposed this limitation if it had intended for Section 404 of the First Step Act to be a mechanism by which crack-cocaine offenders could retroactively challenge their career-offender status.

This Court is not going so far as to say it believes Section 404 *requires* it to conform these proceedings to the process described in U.S.S.G. § 1B1.10(b). After all, Section 404 of the First Step Act says nothing about the United States Sentencing Guidelines. And 18 U.S.C. § 3582(c)(1)(B)—which authorizes modification of previously-imposed terms of imprisonment "to the extent otherwise expressly permitted by statute"—is the only subsection of § 3582(c) that does *not* contain any requirement that the modification be "consistent with applicable policy statements issued by the Sentencing Commission." Perhaps there are other ways of conducting these proceedings that might also effectively avoid the types of sentencing disparities that this Court is seeking to avoid. But the procedure that the Court has outlined here is reasonably calculated to accomplish these ends, and is one that this Court believes it has the discretion to implement. See First Step Act of 2018, § 404(b) ("A court . . . *may* . . . impose a reduced sentence . . . ." (emphasis added)); *id.* at § 404(c) ("Nothing in this section shall be construed to *require* a court to reduce *any* sentence pursuant to this section." (emphasis added)).

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that each Defendant's Motion to Reduce Sentence is **DENIED** to the extent that it is requesting a plenary resentencing at which the Defendant would be present. But the Court will **DEFER RULING** on these Motions to the

13

extent that they are merely requesting sentence reductions, until such time as the Court has independently recalculated the advisory sentencing ranges for these Defendants under the United States Sentencing Guidelines.

**IT IS SO ORDERED** on this 15th day of August, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE